**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | |
| | : | **Case No. 22-cr-25 (APM)** |
| **STEFANIE CHIGUER,** | : | |
| | : | |
| **Defendant.** | : | |

**GOVERNMENT'S OPPOSITION TO MOTION FOR**
**EARLY TERMINATION OF PROBATION/SUPERVISED RELEASE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this opposition to Defendant Stefanie Chiguer's Motion for Early Termination of Probation/Supervised Release. ECF No. 73.  As explained herein, Chiguer has presented no information not previously known to the Court at the time of her sentencing that would warrant early termination of probation.  The only difference between the present moment and when Chiguer was sentenced by this Court is that she has completed certain terms of her probation, such as payment of restitution and completion of Court-ordered community service.  Mere inconvenience seems to be Chiguer's only justification for early termination of her probationary term.  The government respectfully submits that this does not constitute good cause to terminate her probationary period nearly a year before the Court had anticipated.

I.      **FACTUAL BACKGROUND**

The government incorporates by reference the factual background of this case as outlined in its sealed sentencing memorandum.  *See* Gov't Sentencing Mem. 3-16.  In sum and substance, Chiguer joined a mob to storm the U.S. Capitol and participated in three separate breaches of police lines therein.

Although this case certainly presented mitigating factors, the Court fully considered those factors in ordering Chiguer's probation-only sentence. *See* Judgment, ECF No. 57.  The Court also deemed it necessary to order certain special conditions—which according to Chiguer's letter accompanying her motion, have been "helpful" to her— that would presumably continue during the remainder of her probationary term.  *See* ECF No. 73, Exhibit 1.

## II.    LEGAL BACKGROUND

Pursuant to 18 U.S.C. § 3564(c), a district court has discretion to terminate a term of probation imposed in a misdemeanor case "if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice."  18 U.S.C. § 3564(c).  In making this determination, the Court must consider the factors in 18 U.S.C. § 3553(a), to the extent they are applicable.  *Id.*; *see also United States v. Hartley*, 34 F.4th 919 (10th Cir. 2022) (holding that a district court must make individualized determinations based on the applicable statutory criteria before responding to a request to modify a sentence); *cf. United States v. Ferrell,* 234 F. Supp. 3d 61, 63 (D.D.C. 2017) (same holding for considering early termination of probation in felony case).

## III.    DISCUSSION

### A. Chiguer Has Not Demonstrated Any New or Extraordinary Circumstances that Warrant Early Termination of Her Probation.

Chiguer argues that her probation should be terminated early because she has completed her community service, paid restitution, is in compliance with her probationary conditions, and has shown personal growth and a commitment to continuing to serve her community.  As courts have recognized, however, mere compliance with the conditions of probation does not warrant early termination.  *See, e.g.*, *United States v. Suarez*, No. 1:21-cr-205-DLF, Minute Order (Nov. 9, 2023) (denying early termination of probation).  Although "extraordinary circumstances . . . are not necessary for such termination," they "may be sufficient to justify early termination of a term

of supervised release." *United States v. Melvin*, 978 F.3d 49, 53 (3d Cir. 2020).   District courts are entrusted with the discretion on whether to terminate probation or supervised release early consistent with these rules.  *See, e.g.*, *Folks v. United States*, 733 F. Supp. 2d 649, 652 (M.D.N.C. 2010) (rejecting motion for early termination of supervised release because there was nothing unusual about the defendant's case) (citing *United States v. McKay*, 352 F. Supp. 2d 359, 361 (E.D.N.Y.2005)); *accord United States v. Parker*, 219 F. Supp. 3d 183, 190 (D.D.C. 2016) (holding, in the context of supervised release, that "good behavior alone is insufficient to warrant early termination of . . . supervision") (cited in *Suarez*, No. 1:21-cr-205-DLF (Nov. 9, 2023)); *United States v. Medina*, 17 F. Supp. 2d 245, 247 (S.D.N.Y. 1998) (noting that "[w]hile [defendant's] post-incarceration conduct is apparently unblemished, this alone cannot be sufficient reason to terminate the supervised release since, if it were, the exception would swallow the rule"); *United States v. Weintraub*, 371 F. Supp. 2d 164, 167 (D. Conn. 2005) (noting that "[a]lthough [the defendant's] ongoing and full compliance with all conditions of supervised release, including payment of the fine and restitution, is commendable, in the end that is what is required to all criminal defendants and is not a basis for early termination of his supervised release"); *United States v. Caruso*, 241 F. Supp. 2d 466, 469 (D.N.J. 2003) (ruling that "mere compliance with the terms of probation or supervised release is what is expected of probationers, and without more, is insufficient to justify early termination"); *United States v. Hardesty*, Case No. 95-20031-01-JWL, 2002 WL 731705 (D. Kan. Apr. 2, 2002) (rejecting arguments that defendant is "fully rehabilitated" and complied in all respects with post-release requirements and that continued release would serve "no meaningful and useful purpose").

Here, Chiguer is doing what is expected of her.  It is what is expected of all defendants who are on probation.  Early termination for mere compliance with her conditions would

contravene the Court's thoughtful balance in crafting Chiguer's sentence—specifically, by rejecting the government's request for home detention while also recognizing the seriousness of the offense.  *Cf. Suarez*, No. 1:21-cr-205-DLF (Nov. 9, 2023) ("[T]he defendant's offense – participation in the January 6 riot – was exceptionally serious; in view of the nature of the defendant's offense, early termination would not promote respect for the law, provide just punishment, or afford adequate general deterrence.").

**B.  Early Termination of Chiguer's Probation Would Not Serve the Interests of Justice.**

Looking to the sentencing factors under 18 U.S.C. § 3553(a), early termination of probation here would not serve the interest of justice.  As to the nature and circumstances of the offense, § 3553(a)(1), Chiguer participated in the January 6, 2021, siege of the United States Capitol, which delayed the certification of the Electoral College.  By the time Chiguer crossed onto the Capitol's restricted grounds on January 6, she had ample forewarning that the mob that descended on the Capitol would engage in violent criminal conduct.  After breaching the building along with that mob, Chiguer—though non-violent herself—participated in three violent breaches of police lines. Afterwards, she texted her travel companions that the day resulted in "[a]mazing memories for a lifetime!"

As to other sentencing factors—the history and characteristics of the defendant, § 3553(a)(1); the need for the sentence to reflect the seriousness of the offense and promote respect for the law, § 3553(a)(2)(A); and the need for the sentence to afford adequate deterrence, § 3553(a)(2)(B)—this Court carefully considered these factors in imposing a sentence of 24 months of probation.  Chiguer's request for a reduction in that period would undercut the Court's balancing of the § 3553(a) factors after hearing from the government, defense counsel, and Chiguer at the sentencing hearing.

Further undermining the interest of justice, granting Chiguer's motion for early termination may result in sentencing disparities between her and similarly situated January 6 defendants. 18 U.S.C. § 3553(a)(6); *see also United States v. Yung*, 1998 WL 422795, at *2 (D. Kan. June 12, 1998) (noting that if the court were to terminate the defendant's supervision early, "it would subvert the underlying policy of the Federal Sentencing Reform Act of 1984 to eliminate sentencing disparity among defendants guilty of similar offenses" and that the defendant's role in the conspiracy made him "more culpable than other convicted participants"). Another judge in this District expressed that same concern in denying early termination of probation in at least one other January 6 case. *See Suarez*, No. 1:21-cr-205-DLF, Minute Order (Nov. 9, 2023) ("[G]iven the sentences the Court has imposed in similar cases, requiring the defendant to serve only 16 months of probation would create unwarranted sentencing disparities with respect to other, similar defendants.").

Since Chiguer's sentencing, hundreds of additional Capitol-breach defendants have been sentenced. To aid sentencing courts, the government has developed a table providing additional information about sentences imposed on other defendants that is available at https://www.justice.gov/usao-dc/media/1331746/dl?inline. As demonstrated by this table, terminating Chiguer's probationary sentence with nearly half of her probation term still remaining would result in significant sentencing disparities with similarly situated defendants.

**IV.     CONCLUSION**

For the foregoing reasons, Chiguer's motion should be denied.

October 4, 2024

                                          Respectfully submitted,

                                          MATTHEW M. GRAVES
                                          UNITED STATES ATTORNEY
                                          D.C. Bar No. 481052


                              By:     */s/ Jessica Arco*
                                          JESSICA ARCO
                                          D.C. Bar No. 1035204
                                          Trial Attorney
                                          601 D St., NW
                                          Washington, D.C. 20530
                                          Telephone: 202-514-3204
                                          jessica.arco@usdoj.gov